FILED'09 MAR 12 10:58USDC-ORN

RECUD'09 MAR 12 10:58USDC-ORN

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

WAYNE THOMAS HOUFF,

               Petitioner,

    v.

SHARON BLACKETTER,

             Respondent.

Case Number CV 06-1328-CL

**Report & Recommendation**

CLARKE, Magistrate Judge:

    Petitioner Wayne Thomas Houff is in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 alleging eleven grounds for relief. (Petition for Writ of Habeas Corpus (Pet'r's Writ) 1.)

    For the reasons set forth below, the petition should be denied and this proceeding should be dismissed.

## I.    Background

    Petitioner was arrested after Polaroid pictures he had taken depicting a female child in various stages of undress were discovered in his girlfriend's car in 1997. (Resp't's Answer (Answer), Ex. 105, 12-13.) In 1998, Petitioner was convicted of four counts of Using a Child in a Display of Sexually Explicit Conduct, four counts of Encouraging Child Sexual Abuse in the

Report & Recommendation   1

facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or the state court decides a case differently than the Supreme Court on a set of facts that are materially indistinguishable. Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Powell v. Galaza, 328 F.3d 558, 563 (9th Cir. 2003) (quoting Early v. Packer, 537 U.S. 3 (2002)).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal principle but unreasonably applies the principle to the facts of the case, or unreasonably extends, or refuses to extend, the governing legal principle. Williams, 529 U.S. at 407-09, 412; Wiggins v. Smith, 539 U.S. 510, 520 (2003); Clark, 331 F.3d at 1067. A federal habeas court may not overturn a state decision even when it concludes that the state applied clearly established federal law erroneously or incorrectly; instead, the state court's application of federal law must be "objectively unreasonable." Williams, 529 U.S. at 409-10, 412-13; Lockyer, 538 U.S. at 75, 76; Clark, 331 F.3d. at 1067-68.

In addition, any factual determinations made by the state courts are presumed to be correct, unless petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). "A state court decision 'based on a

Report & Recommendation   3

factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) (quoting Miller-El, 537 U.S. at 340).

The federal habeas court looks to the last reasoned state court decision as the basis of the state court's judgment. Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). When the state court does not give reasoning for its decision, the habeas court must conduct an independent review of the complete record and applicable law. Such independent review is not de novo review but is the only means for the court to determine whether the state court's decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 & n.3 (9th Cir. 2003); Greene v. Lambert, 288 F.3d 1081, 1088-89 (9th Cir. 2002).

## III.    Grounds Two through Eleven Should Be Denied Because Petitioner Has Not Shown He Is Entitled to Relief

Petitioner argues eleven grounds for relief. He first alleged these claims in his Writ for Habeas Corpus Relief and accompanying memorandum, filed pro se on September 18, 2006. He later was appointed counsel who filed an amended memorandum of support that focused solely on Ground One. This memorandum also clarified, "Houff submits the other issues stated in the petition and briefed in the memorandum he submitted for this Court's consideration on the existing record." (Pet'r's Am. Mem. in Supp. or Pet. for Writ of Habeas Corpus (Pet'r's Am. Mem.) 2.) Respondent argues, "[b]ecause petitioner has submitted no argument on the remaining grounds, this Court should deny relief on those claims." (Reply to Pet'r's Mem. in Supp. (Reply) 7.)

Report & Recommendation   4

Petitioner has the burden of proving that he is entitled to federal habeas relief. "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605,609 (9th Cir. 1996). Grounds Two through Eleven are not valid claims as these grounds were all properly denied in previous appeals. The court is obliged to defer to these previous decisions, and the Petitioner has not shown reason for the court to do otherwise.

In Grounds Two, Three, Four, and Five, Petitioner alleges that the Board unconstitutionally compelled him to participate in a psychological exam, which violated his right against self-incrimination, free speech, and due process. (Pet'r's Writ 4-6.) However, the Board under specific circumstances has the authority to compel an inmate to participate in an examination. Parole conditions that restrict First Amendment rights are permissible if they further the goals of rehabilitation and protecting the public. A parolee's "right to free speech may be abridged to effectively address his sexual deviance problem." United States v. Rearden, 349 F.3d 608, 619 (9th Cir. 2003)(internal citations omitted). As noted, Petitioner was convicted of several counts of sexual abuse and other related crimes and sentenced as a dangerous offender. His right to free speech may be abridged to address his problem.

He also argues that the psychological evaluation required under Or. Rev. Stat. §144.228(2)(a) in a parole determination hearing was compelled self-incrimination. (Pet'r's Writ 5-6.) The purpose of the Fifth Amendment is "to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)(citing Counselman v. Hitchcock, 142 U.S. 547, 562 (1892)). Here, Petitioner objected to a

psychological evaluation in which information was sought regarding past crimes for which Petitioner had already been convicted.  The protections of the Fifth Amendment do not apply.

Grounds Three and Five are also barred because Petitioner procedurally defaulted on these claims.  He failed to raise these arguments in his request for administrative review. (Answer, Ex. 105, 137-44.)  Under Oregon law, a claim is not properly preserved for judicial review by the Court of Appeals and Supreme Court if it was not first raised at the administrative-review level before the Board.  See Eli v. Bd. of Parole, 67 P.3d 982 (Or.App. 2003).  These claims were not properly presented at the Court of Appeals and Supreme Court, and their review is not appropriate here.

In Grounds Six and Seven, Petitioner alleges that the Board violated his due process rights by relying on a medical diagnosis in its decision to deny parole. (Pet'r's Writ 6.) Specifically, he argues that the Board improperly made a medical diagnosis.  It is unclear what medical diagnosis he believes they made.  Regardless, the Board is directed, by statute, to consider the written report of the examining psychologist when making a decision regarding a dangerous offender's parole.  Or. Rev. Stat. 144.228; Or. Admin. R. 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(2).  The Board has the authority to rely on the reprts, and the Petitioner has not shown that this is contrary to federal law.

In Grounds Eight and Nine, Petitioner alleges that the Board violated his due process rights and his Eighth Amendment right against cruel and unusual punishment.  He argues that the Board erred in determining that he has a mental or emotional disorder and by refusing to offer him any "reasonable or realistic rehabilitation opportunities." He claims that they wrongfully denied him parole on the basis of his "psychological status and/or class." (Pet'r's Writ 6.)

Report & Recommendation    6

Overbroad statutes are those which prohibit conduct that is constitutionally protected. Virginia v. Hicks, 539 U.S. 113, 118-10 (2003). Vague statutes deprive citizens of their rights without fair process. "[T]he void-for vagueness doctrine requires that a penal statue define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Koleander v. Lawson, 461 U.S. 352, 357-58 (1993) (internal citations omitted).

Petitioner asserts that the Board's decision is vague and overbroad because he "has no way of predicting what actions the Board requires in order to gain and keep his freedom. It is impossible to validly meet the Board's criteria. The order leaves too much room for unbridled discretion and not one scintilla of guidance." (Mem. in Supp. of Petition for Writ of Habeas Corpus (Pet'r's Mem.) 26.)

The Board only applied the standard given under Or. Rev. Stat. 144.228 in making its decision, and this statute does not prohibit constitutional conduct, making an objection for overbreadth inapplicable. Further, the statute in question is not a criminal statute and does not prohibit conduct. It directs the Board in its parole determinations. The void-for-vagueness argument is also without merit.

Under Ground Eleven, Petitioner argues that the Board violated his due process and equal protection rights by "imposing costs and disbursements upon Petitioner after the appellate process without inquiring into and making a determination that Petitioner as an indigent could pay costs and disbursements without undue burden or hardship." Federal courts may hear petitions from state prisoner only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Damages, however,

Report & Recommendation   8

are not available.  Nelson v. Campbell, 541 U.S. 637, 646 (2004).  Petitioner has not challenged

the fact, duration, or a condition of his confinement.  This ground should be denied.

## IV.    Ground One for Violation of Due Process Rights Should Be Denied

Petitioner alleges that the Board failed to apply applicable law at his parole consideration

hearing and as a result denied Petitioner of due process.[1]  The Federal Court reviews a habeas

claim for violation of due process rights in two steps.  "We first ask whether the prisoner has a

liberty or property interest with which the State has interfered.  And if so, we then ask whether

the procedures accompanying that interference were constitutionally sufficient.  If we determine

that the State has violated the prisoner's due process rights, we may only grant habeas relief if the

state court's incorrect decision was contrary to or an unreasonable application of the Supreme

Court's holdings."  Hayward v. Marshall, 512 F.3d 536, 541-42 (2008) (internal citations

omitted).

### A.    Court Declines to Address the Question Whether Houff Had a Liberty
### Interest

Petitioner alleges that when the Board denied his eligibility for parole, it interfered with

his liberty interest.  (Pet'r's Writ 4.)  Generally, "to obtain a protectible right, 'a person clearly

must have more than an abstract need or desire for it.  He must have more than a unilateral

expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'"  Greenholtz v.

Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979)(citing Board of

---

[1] Petitioner initially argued that the Board's actions violated "its own rules, state law, due process and equal protection under the Fourteenth Amendment."  (Pet'r's Writ 4.)  Petitioner fails to present any facts or law to support this claim in his memorandum in support of his writ.  Petitioner's amended memorandum supports his claim only for due process.  Because there is nothing but bald assertions of his violation of equal protection rights in his first memorandum, the court declines to address that argument.

Regents v. Roth, 408 U.S. 564, 577 (1972)).  A "mere hope" of parole does not rise to the level

of entitlement.  Id. at 11.  A convicted person does not have an inherent or constitutional right to

be conditionally released before the expiration of a valid sentence.  A valid conviction

constitutionally deprives a criminal defendant of his liberty.  Id.

Only in specific circumstances does a liberty interest exist in a parole board decision.

"[A] state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole

release will be granted' when or unless certain designated findings are made, and thereby gives

rise to a constitutional liberty interest."  McQuillion v. Duncan, 306 F.3d 895, 901 (9th Cir.

2002)(citing Greenholtz, 442 U.S. at 12; Board of Pardons v. Allen, 482 U.S. 369, 377-78

(1987)).

Petitioner argues that the Oregon parole and good time statues are indistinguishable from

those in which the Supreme Court has found a liberty interest, implicating due process of law.

(Pet'r's Am. Mem. 9-10.)  Respondent argues, however, that it is an open question as to whether

the Oregon parole statutes create an entitlement to parole that rises to a liberty interest.  (Reply

2.)  Further, Respondent argues that as a "dangerous offender," Petitioner has a decreased

expectancy of parole Oregon law.[2]

The Oregon Statutes set forth different procedures for the Board to use in making its

parole determinations for dangerous offenders and non-dangerous offenders.  Within six months

of admission, a non-dangerous offender generally is given a parole hearing at which he receives

---

[2] Petitioner argues, in addition, that the determination that he is still a danger to society is a violation of his
due process rights because he objects to the evidence used at the hearing.  (Pet'r's Am. Mem. 15-24.)  He argues that
the evidence is not "substantial" evidence on which he can be denied parole.  As will be discussed further, this
argument fails.

an initial release date, contingent on other factors relevant to his sentence.  Or. Rev. Stat. §
144.120.  A dangerous offender, however, does not receive an initial release date in the same
time period.  The Board must first  determine that the individual does not continue to remain a
dangerous offender or if he does so remain, that he can be appropriately controlled. (Id.) See Or.
Rev. Stat. § 144.228(1)(a).  If the Board is able to make this favorable determination, the
individual is then given an initial release date.  There is at least one additional factor that affects
the Board's parole determinations for a dangerous offender.

     Rather than tread through the waters of statutory interpretation, this court follows the
Ninth Circuit's approach in Jancsek v. Oregon Board of Parole: "We need not decide the
threshold issue of whether the Oregon parole statute confers a liberty interest entitling prisoners
to due process protection in the setting of release dates.  Instead, we assume for the purposes of
this decision that prisoners have such a liberty interest."  833 F.2d 1389, 1389-90 (9th Cir.
1987)(internal citations omitted).  In Jancsek the court found there was due process and denied
the writ, obviating the need to make a conclusion about whether the statute afforded a liberty
interest.

**B.**    **Even If There Were a Liberty Interest, the Board Afforded Petitioner Due**
        **Process**

     Petitioner argues that the Board deprived him of due process by applying the wrong
substantive standards denying him parole.  Petitioner believes that the Board's decision must be
supported by "substantial" evidence, not "some evidence" which is a less stringent standard.
(Pet'r's Am. Mem. 15.)  Respondent asserts that the Board's decision to deny parol was supported
by the constitutional minimum of "some evidence." (Reply 5.)

Report & Recommendation    11

A federal court reviewing a writ of habeas corpus is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). The extent of rights the petitioner may be entitled to is limited. "The full panoply of rights due a defendant in [a parole] proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro v. Oregon Parole Board, 825 F.2d 1396, 1399 (1987). The applicable law concerning a parole board's deprivation of prisoner's due process rights is "some evidence": "[t]he Supreme Court has established that a parole board's decision deprives a prisoner of due process with respect to [a liberty interest] if the board's decision is not supported by some evidence in the record." Irons v. Carey, 505 F. 3d 846, 851 (9th Cir. 2007) (internal citations omitted). The Supreme Court specifically declined to apply a more stringent standard, such as substantial evidence and explained, "the fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Superintendent, Mass. Corr. Inst., Wapole v. Hill, 472 U.S. 445, 456 (1985).

When the parole proceedings meet specific criteria, the requirements of due process are satisfied. The inmate should receive advance notice, be given an opportunity to be heard, be told why he falls short of qualifying for parole when applicable, and have a decision on his parole that is supported by some evidence with an indicia of reliability. See Greenholtz, 442 U.S. at 15-16; Pedro v. Oregon Parole Board, 825 F.2d 1396, 1399 (9th Cir. 1987); Hill, 472 U.S. at 455. The Supreme Court clarified the meaning of some evidence: "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. "Ascertaining whether this standard is satisfied does not

require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455.

From the record there is at least some evidence to deny parole. First, the Petitioner received advanced notice of the hearing, he had the opportunity to be heard and present his evidence, and he was told why his parole had been denied. (Answer, Ex. 105, 135.)

The report also shows that the decision is based on some evidence with an indicia of reliability. The Board concluded, "the condition which made the inmate dangerous is not in remission and the inmate does continue to remain a danger." (Id. at 134-36.) To make this decision, the Board relied on two psychological evaluations of the Petitioner and his scores on measures designed to assess the risk of future dangerousness. (Id. at 150-51; Resp't 's Resp. 11.) The Board also considered Petitioner's testimony at the parole hearing and specifically noted his refusal to accept responsibility for his crimes, his lack of acceptance that he is a sex offender requiring treatment, and his admission that he had not sought substance abuse treatment. (Ex. 105, 98-101; 104-109; 115-16; 129.) Upon administrative review, the Board affirmed its conclusion.[3] (Id. 9.) Houff received all the process that was due.

---

[3] "Dr. Templeman diagnosed you as having Heterosexual Pedophilia and Voyeurism under Axis I and an Antisocial Personality Disorder under Axis 11. Dr. Templeman determined the results of his psychological testing to show that the Over-Controlled Hostility Scale was significantly elevated indicating that yon take considerable effort masking your hostile feelings in an attempt to look normal. Therefore, when your defenses are down, you may abruptly erupt into an angry outburst. Your score on the SVR-20, a Sexual Violence Risk protocol, you scored at a moderate risk to reoffend sexually. Dr. Templeman concluded that your responses to both the personality and projective testing suggest that you were minimizing personal problems which might make you vulnerable for reoffending. You continue to minimize the seriousness of your offense and have little insight into the critical aspects of an effective relapse prevention plan. You do not see any risk in your being around children or living and working near them. You are still ambivalent about your crimes. As a result, Dr. Templeman concludes that you are still suffering from the same personality disorder you had at the time you were convicted. You have not followed the rules in the institution while incarcerated in that you have had four disciplinary reports. When this information is considered with the information surrounding your crimes of conviction, there is sufficient evidence in the record to support the board's finding in BAF #2." (Answer, Ex. No. 105, 150-51.)

C.    **The Board's Decision Was Not Contrary to or an Unreasonable Application of the Supreme Court's Holdings**

Petitioner argues that there was a due process violation that merits habeas relief under in the Antiterrorism and Effective Death Penalty Act. (Pet'r's Am. Mem. 21.)  In assessing the alleged violation of petitioner's rights, the court looks to the Board's decision denying Petitioner parole eligibility to determine if the writ is warranted. This is the last reasoned state court decision in this matter.  See Franklin, 290 F.3d at 1233 n.3; Shackleford, 243 F.3d at 1079 n.2.

Petitioner argues that the decision was unreasonable because "it failed to apply applicable substantive standard and to apply the applicable procedural safeguards necessary to ensure accurate fact finding. . . .  It was contrary to or an unreasonable application of Supreme Court authority and it was based upon an unreasonable determination of the facts." (Pet'r's Am. Mem. 22.)  He believes that the Board did not have "substantial evidence" to deny his parole and that the denial of parole is contrary to Oregon law which requires substantial evidence. The Respondent argues that some evidence supports the Board's decision, and that is sufficient to meet the federal requirements.

Petitioner argues that the federal courts should be applying the Oregon standards in this habeas review because "one of the bedrock principles of due process is the requirement that the state follow its own standards and rules." (Pet'r's Am. Mem. 13.)  In support of this argument, Petitioner cites cases that apply the Oregon standard, but these cases are under appellate review for civil rights violations, not petitions for a writ of habeas corpus, which receives a review under a different set of laws.  Petitioner asks the court to evaluate whether his imprisonment violates federal laws.  This does not trigger the Oregon's "substantial evidence" standard for due process

Report & Recommendation    14

because the court is only looking to see that the minimum federal requirements are satisfied. The standard of review in a habeas case is "some evidence," which the Board appropriately applied. (See Sec. IV.B)

Even if the Board had misapplied the standard or applied the wrong standard, the Petitioner still must show that the decision was objectively unreasonable to prevail. See Williams, 509 U.S. at 407-09. Given the Petitioner's convicted offenses, his psychological evaluations and all the other evidence in the record, the court cannot say that denying his parole was unreasonable. Petitioner's Writ should be denied.

## V.     Conclusion

Petitioner has no valid grounds for habeas relief. He received due process during his parole determination hearing. The Board had some evidence to deny his parole, which is consistent with the federal standards. Petitioner has not show that he is entitled to relief on any of his eleven claims.

## VI.    Recommendation

The court recommends that Petitioner's petition for writ of habeas corpus be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

*Objections to this Report and Recommendation, if any, are due by March 30, 2009. If objections are filed, any responses to the objections are due within 10 days, see Federal Rules of Civil Procedure 72 and 6.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

Report & Recommendation   15

factual issues and will constitute a waiver of a party's right to appellate review of the findings of

fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.


DATED this ___12___ day of March, 2009.


_____

MARK D. CLARKE
United States Magistrate Judge

Report & Recommendation   16